IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

                               CASE NO. _____
                               JURY

LORA E NEWLAND,
Individually and on behalf of All
Other Persons Similarly Situated,

       Plaintiffs,
VS.

NCO FINANCIAL SYSTEMS, INC.

       Defendant.

**PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT
AND JURY TRIAL DEMAND**

      Plaintiff LORA E. NEWLAND individually and on behalf of all other persons similarly situated, files this Plaintiff's Original Class Action Complaint and Jury Trial Demand complaining of Defendant NCO FINANCIAL SYSTEMS, INC.  This action is filed for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.  Plaintiff alleges as follows.

**PARTIES**

1.     Plaintiff Lora E. Newland is a Texas citizen and resident of Henderson County, Texas.

2.      Defendant NCO Financial Systems, Inc (hereinafter "NCO") is, upon information and belief, a Pennsylvania Corporation.  NCO may be served through its registered agent for service, CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

## JURISDICTION AND VENUE

3.      This Court has federal question jurisdiction over this case under 15 U.S.C. § 1692k (d) and 28 U.S.C. § 1331.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c), because: (i) Defendant is actively doing business in this state and subject to personal jurisdiction throughout the state; (ii) upon information and belief Defendant transacts business in the State and in the District because it has contracted with residents of the District through its purchase of the contracts of residents of the District; (iii) upon information and belief Defendant further transacts business in the State and in the District because it is attempting to collect debts in the state and District; (iv) upon information and belief Defendant has committed illegal acts in the District by using abusive and illegal debt collection practices, and (v) a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL ALLEGATIONS

5.      Defendant NCO, is a "debt collector" as that term is defined in 15 U.S.C. § 1692a (6).

6.   Upon information and belief, Defendant NCO purchased from a third party an account in the name of Plaintiff Newland (hereinafter referred to as "the Newland account.").

7.   In an effort to collect on the Newland account, NCO often calls Plaintiff five to seven times per day.  This practice is frequent and persistent, continuing Monday through Friday.  It is the normal practice of NCO to call Plaintiff three to four times each Saturday.

## CLASS ACTION ALLEGATIONS

8.   Pursuant to FED. R. CIV. P. 23, Plaintiff brings this suit individually and as representative of a class of similarly situated persons.  The court should enter an order to certify a plaintiff class, as follows:

> All individuals whom Defendant NCO's records reflect (1) were called in an attempt to collect an alleged debt and (2) have an address in the state of Texas.

> Specifically excluded from the class are all federal judges and members of their families within the first degree of consanguinity, and the officers, directors and counsel of record of Defendants.

9.   The proposed plaintiff class meets the prerequisites of a class.

10.   The class is so numerous that joinder of all members is impracticable.  Plaintiff is unable to state the exact number of the members of the class without the discovery of information available to Defendant, but upon information and belief avers that there are

hundreds of class members. The number of the members of the class makes it impracticable to bring them all before the court.

11.     There are questions of law and fact common to the class. These questions predominate over any questions affecting only individual members of the class. The questions of fact and law affecting the class as a whole, include, but are not limited to:

- Whether Defendant's practice of causing a phone to ring repeatedly violates the Fair Debt Collection Practices Act.
- Whether Defendant's practice of causing a phone to ring repeatedly violates the Texas Debt Collection Act.
- Whether Defendant is liable for statutory damages.
- Whether class members are entitled to an injunction against Defendant.
- Whether Defendant is liable for attorney's fees.

12.     Plaintiff's claims are typical of the claims of the class. The claims have the same essential characteristics as the claims of the members of the class as a whole and are based upon identical legal theories. It is the same course of conduct that serves as the gravamen of the claims against Defendant. The members of the class have suffered the same type of injury and possess the same interests as Plaintiff. The single resolution of these claims would be preferable to a multiplicity of similar actions.

13.     Plaintiff, as the representative party, will fairly and adequately protect the interests of the class. The counsel representing Plaintiff and the class are qualified, experienced and able.

14.     This suit is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the class as a whole.

15.     This suit is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

16.     *Predominance*.  The questions of law or fact common to the members of the class predominate over any questions affecting only individual members.  The underlying facts are largely undisputed and liability will be determined as a matter of law.  The few facts that are disputed will be resolved without the participation of individual class members.  Plaintiff's claims do not present individual questions of causation or reliance.  The facts of Defendant's practice are common to all members.

17.     *Superiority*.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Given the large size of the class, individual adjudication of the claims would require hundreds of lawsuits.  Moreover, intervention and joinder would require the intervention or joinder of thousands of parties.  Individual adjudication, intervention, and joinder, therefore, are not reasonable options.  Class treatment is superior to all other methods of adjudicating the claims of the putative class.

18. *Individual control*. The interests of members of the class in individually controlling the prosecution or defense of separate actions do not outweigh the benefits of class treatment. Members of the class possess claims for economic damages that in most instances do not exceed a thousand dollars. Thus, no individual class member possesses an overriding interest in the right to retain counsel and litigate to conclusion an individual claim. In fact, individual adjudication of these claims remains wholly impractical. The class members would be compelled to spend substantially more money on attorneys' fees and case costs to prosecute their individual claim than the amount of each individual claim. The interest of members of the class in individually controlling the prosecution or defense of separate actions, therefore, does not outweigh the benefits of class treatment.

19. *Other factors*. Plaintiff is not aware of any other cases pending by or against members of the class raising the claims asserted herein. This Court is the desirable forum for this controversy because the Defendant transacts business in this District. No significant difficulties are likely to be encountered in the management of a class action. Plaintiff will be able to identify class members through discovery of Defendant's extensive computer database storing information regarding past and present collection efforts by Defendant. Thus, no difficulties exist regarding the identification of class members.

## Count 1

### (Claim under Fair Debt Collection Practices Act)

20. Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

21. Defendant is a "debt collector" as defined by 15 U.S.C.A. § 1692a (6) and subject to the FDCPA.

22. The prohibitions contained in the FDCPA apply to Defendant's attempts to collect the Newland account and the accounts of class members.

23. The FDCPA prohibits "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt:"

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: …
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. …

15 U.S.C. § 1692d.  Defendant's call volume, set out above, violates both the general prohibition and the specific prohibitions in subsections 5.

24. The FDCPA provides for monetary damages as follows:

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—…
>
> **(2) (A)** in the case of any action by an individual, such additional damages

>> as the court may allow, but not exceeding $1,000; or
>
> **(B)** in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and
>
> **(3)** in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. …

15 U.S.C. § 1692k (a).

25. The named Plaintiff is entitled to recover an additional $1000 from Defendant.

26. Class members are entitled to collect from Defendant such additional amounts as the court may allow.

27. Plaintiff has been required to engage the services of the undersigned attorneys to prosecute this action. Plaintiff and the Plaintiff Class are entitled to recover of and from Defendant NCO the costs of the action, together with a reasonable attorney's fee. 15 U.S.C. § 1692k (a)(3).

## COUNT 2

### (Claim for relief under TDCA)

28. Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

29. NCO is a "third-party debt collector" as defined by TEX. FIN. CODE § 392.001 (7) because it is a "debt collector" as defined by 15 U.S.C. Section 1692a(6) and does not

satisfy the exception in § 392.001 (7).  Thus, NCO is "debt collector" and/or "third-party debt collector" under that Act and subject to the TDCA.

30. The prohibitions contained in the TDCA apply to NCO's attempts to collect debts from Texas residents.

31. The Texas statute prohibits harassment or abuse:

> In debt collection, a debt collector may not oppress, harass, or abuse a person by: …
>
> (4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

*Id*. § 392.302.  NCO's volume of collection calls violates the prohibition above.

32. The Texas statute provides the following relief:

> (a) A person may sue for:
> > (1) injunctive relief to prevent or restrain a violation of this chapter….
>
> (b) A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonably related to the amount of work performed and costs.

*Id*. § 392.403.

33. NCO's attempts to collect debts, by making harassing phone calls, violate TEX. FIN. CODE § 392.302.  Plaintiff and the Plaintiff class request that the Court issue a permanent injunction enjoining and restraining Defendant from causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls to a consumer.

34. Plaintiff, individually and as representatives of the class, has been forced to retain counsel to assist in bringing this action. As such, NCO is liable to the Plaintiff and the class for reasonable attorneys' fees.

## JURY DEMAND

35. Plaintiff requests a trial by jury against Defendant on all issues triable as a matter of right.

WHEREFORE, Plaintiff Lora E. Newland, individually and on behalf of all other persons similarly situated, requests that Defendant be cited to appear and answer in this action, and that upon final trial of this cause, the Court issue judgment that Plaintiff and the Plaintiff Class have and recover over and against Defendant NCO, a judgment for the damages made the basis of this lawsuit, post judgment interest, reasonable and necessary attorney's fees, an injunction as described above, and costs of court. Plaintiff Lora E. Newland, individually and on behalf of all other persons similarly situated, also requests all other relief to which the Plaintiff and the Plaintiff Class is justly entitled.

Respectfully submitted,


By: ___/s/ Bonner C. Walsh
      Jeffrey L. Weinstein
      State Bar No. 21096450
      Bonner C. Walsh
      State Bar No. 24051766

Jeffrey L. Weinstein, P.C.
518 East Tyler Street
Athens, Texas 75751
(903) 677-5333
(903) 677-3657 – facsimile

**COUNSEL FOR PLAINTIFF**